UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND PAYTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0406** |
| **DISTRICT ATTORNEY LEON CANNIZARRO** | **SECTION: "R"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

The plaintiff, Raymond Payton ("Payton"), is an inmate incarcerated in the Orleans Parish Prison in New Orleans, Louisiana.  Payton filed this *pro se* and *in forma pauperis* complaint alleging defendant District Attorney Leon Cannizarro[1] maliciously prosecuted him when the alleged victim failed to file any charges against him.  Payton also alleges that Cannizarro was his judge in section "J" in a prior case in which Payton was freed on a charge that carried a 99 and one half year sentence,

---

[1] The Court notes that the plaintiff improperly named the defendant. The defendant is Leon A. Cannizzaro, Jr.

and thus there is a conflict of interest because Cannizarro is now prosecuting him in another case. Payton further alleges that Cannizarro abused his power by threatening to arrest the victim if she did not testify. He alleges that Cannizarro "violated his fundamental rights and that his life, liberty and persue [sic] of happiness was taken away."

Payton filed this suit pursuant to Title 42 U.S.C. § 1983 against District Attorney Leon Cannizarro. He seeks monetary damages in the amount of $1.5 million.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly

baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis of Prosecutorial Immunity

Payton filed the instant suit against District Attorney Leon Cannizarro alleging that Cannizarro maliciously prosecuted Payton and that Cannizarro abused his power by threatening to arrest the victim if she did not testify.

The Supreme Court has recognized, however, that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 124-25 (1997); *Imbler*, 424 U.S. at 431.

Payton's complaint against defendant Cannizarro refers to alleged actions taken within his authority as a prosecutor, specifically Cannizarro's decision to pursue a charge against Payton. The

district attorney is clearly entitled to absolute immunity from suit for his discretionary role in determining which charges to pursue. Thus any claim against Cannizarro in his individual capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e)(2).

Furthermore, suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, Orleans Parish. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999),[2] *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985.) The district attorney, as a representative of Orleans Parish, could be liable under Title 42 U.S.C. § 1983 only if his actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell*, 436 U.S. at 694. A plaintiff would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int's Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Payton, however, has not asserted that Cannizarro's decision to pursue a charge against him was the result of an unconstitutional policy or custom of Orleans Parish as contemplated by *Monell*. Thus, Payton's claim against Cannizarro in his official capacity is frivolous.

## IV.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Raymond Payton's Title 42 U.S.C. § 1983 complaint against Leon Cannizarro be **DISMISSED WITH PREJUDICE** for failure to state

---

[2] In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

a claim for which relief can be granted and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 22nd day of July, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.